### GRAFF *et al. v.* BOESCH *et al.*

#### (*Circuit Court, N. D. California.* May 9, 1892.)

APPEAL—DECISION—PROCEEDINGS BELOW—INFRINGEMENT OF PATENT.

In a suit for infringement the supreme court, reversing the decree below, said, in its opinion : "The complainants must be content with the protection of an injunction, and a recovery of the profits realized from the infringing sales." *Held* that, on the return of the case, nothing could be allowed by way of damages, nor could a recovery of the profits be prevented on the assumption that the supreme court did not mean what it said.

In Equity. Bill by Albert Graff and J. F. Donnell against Emile Boesch and Martin Bauer, for infringement of letters patent No. 289,-671, issued December 4, 1883, to Carl Schwintzer and Wilhelm Graff, of Berlin, Germany, who assigned one half thereof to J. F. Donnell & Co. of New York. Infringement was found by the trial court, (33 Fed. Rep. 279,) and a decree was afterwards entered for damages. This decree was reversed by the supreme court, on the questions of damages. 10 Sup. Ct. Rep. 378. On the receipt of the mandate the cause was referred to a master, and the question is now on his report.

*John H. Miller*, for complainants.

*John L. Boone*, for respondents.

McKENNA, Circuit Judge. This is a suit for the infringement of a patent for lamp burners, and for damages. A decree was heretofore entered for complainants, adjudging respondents guilty of infringement, and for an injunction and damages. 33 Fed. Rep. 279. The supreme court reversed the decree as to damages. 10 Sup. Ct. Rep. 378. After the mandate was filed, this court, by Judge BEATTY, on motion of complainants, and after argument, made an order referring the cause to the master in chancery "to take and state a new accounting." The master has filed his report, and complainants move on it, and on the pleadings, records, and decision of the supreme court, for a final decree in their favor for the sum of $186.20, profits realized by respondents, and for the sum of $412.20, damages, and that the latter sum be trebled. The decisive words of the opinion of the supreme court reversing the decree of this court are as follows:

"In the state of the case disclosed by this record, the complainants must be content with the protection of an injunction, and a recovery of the profits realized from the infringing sales. The decree is reversed, and the cause is remanded for further proceedings in conformity with this opinion."

At least provisionally interpreting this language as admitting further proof, this court referred the cause to the master for a further accounting. It is, however, not important to decide whether this reference was right or wrong, for the further proof taken and reported is fruitless of addition or change of the facts upon which the supreme court passed, and on which it based its decision. There were two invoices of infringing burners imported and sold by the respondents, and both were considered and passed on by the court, and no new fact has been proven in regard to them. Mr. Bauer, one of the respondents, was sworn by complainants, and while there was some confusion in his direct testimony caused by the identity of names of different burners, on cross-examination he said that, since his testimony in the accounting on the main case, he had not purchased, or bought, or had on sale, any of the class of burners with a cap on. The "cap" constitutes the infringement. Mr. Graff, one of the complainants, testified that he had seen Mitrailleuse burners in Mr. Boesch's window. Afterwards he called them "Diamond burners" but he said, "If there is a cap on I don't know." The burners were called, indifferently, "Mitrailleuse" or "Diamond;" sometimes "Diamant." Mr. Boesch, one of the respondents, called on his own behalf, testified that he had sold no burners since the filing of the master's report in which a half cap or any part of a cap was used, nor had he imported any since that time. All the imported ones were without caps. Against this direct testimony I see nothing in the record—and I have carefully considered it—to justify an inference of other sales than those passed on by the supreme court. The complainants, therefore, for indemnity "must be content," to use the language of the court, "with a recovery of the profits realized from the infringing sales." These are found by the master to amount to $186.20. But respondents say that complainants, at the first accounting, waived the recovery of profits, and cannot now claim them. The supreme court, however, decides that

complainants are entitled to recover them, and, to avoid the plain language of the decision, respondents' counsel urges that the question of profits and the fact of waiver were not before the court. This is a mistake. In the opening sentences of the opinion the court say:

"The case went to a master, who reported * * * that the appellees had sustained damages to the extent of $2,970.50, and that they waived all claims to the profits realized by the infringement."

The court, therefore, was manifestly inquisitive and considerate of the whole record, and, having decided in its final judgment that the complainants are entitled to "a recovery of the profits realized from the infringing sales," this court must execute its mandate, and cannot evade it by assuming that the court does not mean what it says. Complainants, therefore, are entitled to a final decree for the sum of $186.50, profits realized by respondents on infringing sales, and costs, and it is so ordered.